IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| **Michael Mack, # 267669,** ) | C/A NO. 3:07-572-CMC-JRM |
| ) | |
| **Plaintiff,** ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| **South Carolina Department of Corrections;** ) | |
| **Manning Correctional Institution,** ) | |
| **Medical Staff; Security Staff CO Cpt Smith;** ) | |
| **and Nurse Jakes, Employee of SCDC,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint filed in this court pursuant to 42 U.S.C. § 1983. Defendants filed a motion for summary judgment. The court advised Plaintiff of the summary judgment procedure and the possible consequences if he failed to respond by court order on June 29, 2007.[1] When Plaintiff failed to file a response and because he was proceeding *pro se,* the court issued a second order August 25, 2007, allowing Plaintiff an additional fifteen days to advise the court whether he wished to continue to prosecute this action.[2] Plaintiff, nevertheless, did not file a response.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.

---

[1]This order was returned by the United States Postal Service marked "unable to forward."

[2]This order was not returned but Plaintiff has failed to keep the court informed of his current address.

1

*See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

On September 11, 2007, the Magistrate Judge issued a Report recommending that the complaint be dismissed for Plaintiff's failure to prosecute this action. *See* Fed. R. Civ. P. 41(b). The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired.

After reviewing the complaint, the motion, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.

This matter is dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

                                                s/ Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 15, 2007

C:\Documents and Settings\Kgb07\Local Settings\Temp\notesE1EF34\07-572 Mack v. SCDC, et al - dism - failure to prosecute dmb.wpd